

**Thomas H. Suddath, Jr.**
Direct Phone: +1 215 851 8209
Email: tsuddath@reedsmith.com

**Mariah H. McGrogan**
Direct Phone: +1 412 288 3152
Email: mmcgrogan@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
+1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

April 21, 2021

**By ECF**

The Honorable Jennifer P. Wilson
U.S. District Court for the Middle District of Pennsylvania
228 Walnut Street,
P.O. Box 983
Harrisburg, PA 17108

**Re: Erin and Jarrod Skalde v. Lemieux Group LP, Pittsburgh Penguins LP, and Clark Donatelli
Civil Action No. 3:20-cv-02039-JPW**

Dear Judge Wilson:

Pursuant to this Court's Civil Practice Order (ECF No. 25 at ¶ 10), Defendants Pittsburgh Penguins LP and Lemieux Group LP (the "Penguins") seek the Court's intervention regarding a discovery dispute between the Penguins and Plaintiff Jarrod Skalde.

As this Court is aware, the Penguins have filed a Partial Motion to Dismiss or, in the Alternative, to Compel Arbitration ("Penguins' Motion"), which seeks the dismissal of Plaintiff Erin Skalde's claim,[1] Mr. Skalde's claims[2] or, in the alternative, to compel arbitration of Mr. Skalde's Pennsylvania Whistleblower Law claim pursuant to a valid and enforceable arbitration agreement contained in his Employment Agreement. (ECF Nos. 19 and 20). This motion has been fully briefed.

On April 6, 2021, Mr. Skalde served discovery requests on the Penguins. These requests consist of seven interrogatories and 53 requests for production of documents. The discovery requests do not relate to issues regarding the enforceability of the arbitration agreement contained in Mr. Skalde's Employment Agreement, but instead relate to the merits of Mr. Skalde's claims against the Penguins.

On April 15, 2021, undersigned counsel and counsel for Mr. Skalde conferred regarding whether Mr. Skalde would consent to stay responses to this discovery pending the disposition of the Penguins'

---

[1] Mrs. Skalde filed a negligent retention claim against the Penguins. (ECF No. 16). The Court previously dismissed Mrs. Skalde's claims against Defendant Clark Donatelli for lack of subject matter jurisdiction. (ECF No. 41).

[2] Mr. Skalde filed a loss of consortium claim and Pennsylvania Whistleblower Law claim against the Penguins. (ECF No. 16). Mr. Skalde has acknowledged that his loss of consortium claim should be dismissed, without prejudice, in light of the lack of subject matter jurisdiction over Mrs. Skalde's claims. (ECF No. 27, pp. 13-14).

Motion, in light of its request to compel arbitration of Mr. Skalde's Pennsylvania Whistleblower Law claim. Mr. Skalde's counsel did not consent, thus requiring the Court's intervention.

Although this Court does not favor staying discovery during the pendency of a motion to dismiss (ECF No. 25 at ¶ 9), the issues relating to the propriety of a stay of discovery are different during the pendency of a motion to compel arbitration, which challenges this Court's subject matter jurisdiction. Requiring the parties to participate in discovery under the Federal Rules of Civil Procedure subjects them to the exact inconvenience and expense of litigation that the Federal Arbitration Act ("FAA") and the parties' arbitration agreement seeks to avoid.

Accordingly, the Penguins request that this Court stay discovery pending a decision on the Penguins' Motion.

1.    **The FAA and the Third Circuit favor discovery stays pending motions to compel arbitration.**

The FAA establishes a strong policy in favor of arbitration. *See Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 522 (3d Cir. 2009); *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000). This policy is so strong that "any order favoring litigation over arbitration is immediately appealable." *Smith v. Equitable*, 209 F.3d 268, 272 (3d Cir. 2000). In light of the FAA's strong policy in favor of arbitration, courts regularly stay discovery while motions to compel arbitration are pending. *See, e.g., Klepper v. SLI, Inc.*, 45 Fed. Appx. 136 (3d Cir. 2002); *Anfibio v. Optio Solutions*. LLC, Case No. 20-cv-11146-CCC-ESK, 2020 U.S. Dist. LEXIS 245147 (D. N.J. Dec. 30, 2020); *Heaster v. EQT Corp.*, Civil Action No. 2:19-cv-01463, ECF No. 82 (W.D. Pa. May 28, 2020); *Marciano v. MONY Life Ins. Co.*, 470 F. Supp. 2d 518, 522 (E.D. Pa. 2007).

In *Klepper*, for example, the defendant attempted to enforce an arbitration clause. *Klepper*, 45 Fed. App'x at 139. However, the District Court ordered the parties to engage in discovery on all pending issues prior to ruling on the issue of arbitrability. The Third Circuit vacated the District Court's order, stating d that "requiring the parties to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject them to the complexities, inconveniences, and expenses of litigation that they determined to avoid." *Id.* (internal citation and quotation omitted).

In light of the FAA's strong federal policy of favoring arbitration, the Court should not require the parties to proceed with discovery on the merits before the issue of arbitrability is decided.

2.    **A stay will not prejudice Mr. Skalde, but the Penguins will be prejudiced by the lack of a stay.**

Several factors weigh in favor of a stay of discovery here pending disposition of the Penguins' Motion.

First, a discovery stay will not prejudice Mr. Skalde. Approximately five months have passed since he filed his Amended Complaint. At present, the Court has not set a discovery end date, and has scheduled the case management conference for May 12, 2021. (ECF No. 38). Moreover, Plaintiff does not have a pressing need for discovery at this juncture in the case, as there is currently no dispositive motion deadline and a trial date has not been set. If the Court denies the Penguins' Motion, Mr. Skalde will have ample

The Honorable Jennifer P. Wilson
April 21, 2021
Page 3



opportunity to pursue discovery in federal court. Alternatively, if the Court grants the Penguins' pending motion to dismiss, Mr. Skalde can seek discovery in arbitration. *See* Rule 9 of American Arbitration Association Rules of Employment Arbitration (providing for discovery in arbitration proceedings).

Second, the Penguins will suffer significant prejudice if forced to continue to litigate Mr. Skalde's claims in the incorrect forum. Discovery is time consuming and expensive, particularly where – as here – the discovery requests seek extensive ESI discovery.

Third, requiring the Penguins to respond to discovery without knowing whether the claims are subject to arbitration provides a clear tactical advantage to Mr. Skalde because he could obtain broad discovery even before commencing litigation in the forum to which the parties agreed.

Finally, a stay of discovery promotes judicial economy by preventing the Court from wasting resources on discovery disputes in a case that belongs in arbitration. If the Penguins' Motion is granted, this lawsuit will be dismissed in its entirety, which will outright eliminate the need for discovery in this forum.

All these considerations warrant a stay of discovery until the Court resolves the Penguins' Motion.

Accordingly, the Penguins respectfully request that the Court enter a stay of discovery pending the disposition of their Motion.

Very truly yours,

*/s/ Thomas H. Suddath, Jr.*
Thomas H. Suddath, Jr.
Mariah H. McGrogan

THS:gp