# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIN SKALDE, et al.,** | : | Civil No. 3:20-CV-2039 |
| Plaintiffs | : | (Judge Wilson) |
| v. | : | (Magistrate Judge Carlson) |
| **LEMIEUX GROUP, L.P., et al.,** | : | |
| Defendants | : | |

## MEMORANDUM ORDER

### I. Factual Background

This case comes before us for consideration of competing letters from counsel, which we will direct the clerk to treat as motions to stay, (Doc. 42), or compel, (Doc. 45), discovery. These discovery motions arise against the backdrop of a motion to dismiss, or compel arbitration, of Jarrod Skalde's claims. (Doc. 19). Because resolution of the motion to compel arbitration would define which tribunal would address discovery issues, for the reasons set forth below we will enter a limited discovery stay order in this case.

The well-pleaded facts in the plaintiffs' amended complaint allege that Erin Skalde is married to Jarrod Skalde. (Doc. 16). In 2018, Jarrod Skalde, a former professional hockey player, was hired and promoted by the Pittsburgh Penguins hockey organization to serve as an assistant coach for that organization's Wilkes-

1

Barre/Scranton minor league affiliate. In this capacity, Jarrod Skalde coached under the supervision of the team's then head coach, Clark Donatelli. (Id., ¶¶ 11-15).

During road trips for the team, Erin Skalde would frequently accompany her husband, and Mr. and Mrs. Skalde would socialize with Head Coach Donatelli. (Id., ¶¶ 22-27). On one of these occasions in November of 2018, during a road trip to Providence Rhode Island, it is alleged that Donatelli sexually assaulted Erin Skalde. (Id., ¶¶ 28-38). According to the plaintiffs, this conduct was part of a past pattern of misbehavior by Donatelli. (Id., ¶¶ 39-43). When Mr. Skalde learned of this assault, he reported Donatelli's misconduct to Penguins management. Mr. Skalde alleges that Donatelli's misconduct was then covered up by the defendants, and that the defendants ultimately retaliated against him by terminating his employment in May of 2020. (Id., ¶¶ 44-74).

On the basis of these factual averments, the plaintiffs have filed a five-count amended civil complaint against Donatelli and the Penguins organization. Counts I and II of the complaint are brought on behalf of Erin Skalde against Clark Donatelli, alleging state law claims of assault and battery. (Id., Counts I-II). The remaining three counts of the complaint allege state law claims by Mr. and Mrs. Skalde against the Penguins organization for negligent retention, Pennsylvania Whistleblower Act violations, and loss of consortium. (Id., Counts III-V).

There is a pending motion to dismiss, or compel arbitration, of Jarrod Skalde's claims. (Doc. 19). We anticipate addressing this motion shortly in a Report and Recommendation. In the meanwhile, the parties are contesting whether discovery should proceed forward pending the resolution of this motion, a dispute that is reflected in the competing letters from counsel, which we deem to be motions to stay, (Doc. 42), or compel, (Doc. 45), discovery. Upon consideration of these matters, given the pending and potentially dispositive motion filed in this case, for the reasons set forth below we will DENY the motion to compel (Doc. 45), GRANT, in part, the motion to stay, (Doc. 42), and STAY further discovery for 30 days.

## II. Discussion

Several basic guiding principles inform our resolution of the instant discovery issues. At the outset, rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the timing and scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a

showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.'" Dove v.

Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (quoting Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973) (citation omitted)).

This discretion is guided, however, by certain basic principles. One of these cardinal principles governing the exercise of discretion in this field is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: parties who file motions that may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense, and burden of factual discovery for themselves and others until after these claimed legal defenses are addressed by the court.

In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-

10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

While many of these cases arise exclusively in the context of a motion to dismiss, the United States Court of Appeals for the Third Circuit has also suggested that broad merits discovery should be stayed pending the resolution of any motion to compel arbitration. Klepper v. SLI, Inc., 45 F. App'x 136, 139 (3d Cir. 2002). Guided by these legal tenets, we conclude that further discovery should be briefly stayed at this time until after the court resolves the pending motion to dismiss or compel arbitration. We reach this conclusion finding that "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson, 205 F.R.D. at 434.

In reaching this result, we acknowledge that the plaintiff has argued with great force that discovery should proceed, noting the delay in discovery thus far, the idea that discovery may be ordered in arbitration in any event, and decrying the prejudice suffered by the plaintiff through a discovery delay. While we concede the force of these arguments, in our view, the question of which tribunal should oversee discovery—the court or an arbitrator—should be determined before

6

discovery is undertaken. However, acknowledging these concerns regarding delay, we will enter only a limited stay order in this matter, staying discovery for 30 days.

An appropriate order follows.