IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIN SKALDE and JARROD SKALDE, | : | Civil No. 3:20-CV-02039 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Jennifer P. Wilson |
| v. | : | |
| | : | |
| LEMIEUX GROUP, L.P., *et al.*, | : | |
| | : | |
| Defendants. | : | Magistrate Judge Martin C. Carlson |

## ORDER

Before the court is the report and recommendation of United States

Magistrate Judge Martin C. Carlson recommending that Defendants' motion to

dismiss, or in the alternative, to compel arbitration be granted as to Defendants

Lemieux Group L.P. and Pittsburgh Penguins L.P. (collectively "Defendants").

(Doc. 54.)  For the reasons that follow, the court will adopt in part and decline to

adopt in part the recommendation granting Defendants' motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Neither party objected to the facts or procedural history stated in the report

and recommendation.[1]  Because the court gives "reasoned consideration" to these

uncontested portions of the report and recommendation, *E.E.O.C. v. City of Long*

---

[1] The court recognizes that Plaintiff Jarrod Skalde ("Skalde") objects to Judge Carlson's conclusion that he entered into an employment agreement containing an arbitration clause with the Pittsburgh Penguins.  (Doc. 55, pp. 5–7.)  However, Skalde does not dispute the underlying facts giving rise to this case as stated by Judge Carlson in the first two pages of the report and recommendation.  (Doc. 54, pp. 1–2.)

*Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)), the court will only restate the factual background and procedural history necessary for clarity in this opinion.

Plaintiffs Jarrod Skalde ("Skalde") and Erin Skalde initiated this action on November 3, 2020 and filed an amended complaint on December 7, 2020. (Doc. 16.) On December 21, 2020, Defendant Clark Donatelli ("Donatelli") filed a motion to dismiss for lack of jurisdiction and Defendants filed the instant motion to dismiss for failure to state a claim, and in the alternative, to compel arbitration. (Docs. 18, 19.) On report and recommendation from Judge Carlson limited to Donatelli's motion, the court granted Donatelli's motion with respect to Counts I and II of the amended complaint without prejudice on April 7, 2021. (Doc. 41.) On June 17, 2021, Judge Carlson issued the instant report and recommendation addressing Defendants' motion to dismiss for failure to state a claim, and in the alternative, to compel arbitration. (Doc. 54.)

In the report and recommendation, Judge Carlson recommends that the court dismiss Counts III and V of the amended complaint for failure to state a claim without prejudice to pursuit of these claims in state court. (*Id.* at 16.) In addition, Judge Carlson recommends that the court grant the motion to compel arbitration with respect to the remaining count of the amended complaint—Skalde's state law whistleblower claim. (*Id.*)

2

On June 28, 2021, Skalde filed objections to the report and recommendation. (Doc. 55.) Defendants timely filed a response to Skalde's objections. (Doc. 56.) Thus, the objections are ripe for the court's review.

STANDARDS OF REVIEW

## A. Review of Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)). For the uncontested portions of the report and recommendation, the court affords "reasoned consideration" before adopting it as the decision of this court. *City of Long Branch*, 866 F.3d at 100 (quoting *Henderson*, 812 F.2d at 878).

**B.  Motion to Compel Arbitration**

The Federal Arbitration Act ("FAA") provides the "body of federal substantive law establishing . . . the duty to honor agreements to arbitrate disputes." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522 (3d Cir. 2009).  Section 2 of the FAA states that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract [or] transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Section 3 requires courts, upon motion, to stay litigation "upon being satisfied that" the issues involved are "referable to arbitration" under a written arbitration agreement.  *Id.* § 3.  The stay shall remain in effect until the arbitration, in accordance with the arbitration agreement, concludes.  *See id.*  Furthermore, under Section 4, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written [arbitration] agreement . . . may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  *Id.* § 4.

Generally, "in deciding whether a party may be compelled to arbitrate under the FAA, [courts must] consider '(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls

within the scope of that valid agreement.'" *Flintkote Co. v. Aviva PLC*, 769 F.3d

215, 220 (3d Cir. 2014) (quoting *Century Indem.*, 584 F.3d at 527).  The legal

standard that applies to motions to compel arbitration depends on the

circumstances.  *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 316

(W.D. Pa. 2011).

District courts review motions to compel arbitration under the rubric of

either Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure.  In

*Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764 (3d Cir. 2013), the

Third Circuit explained that "when it is apparent, based on 'the face of the

complaint, and documents relied upon in the complaint,' that certain of a party's

claims 'are subject to an enforceable arbitration clause,' a motion to compel

arbitration should be considered under a Rule 12(b)(6) standard without

discovery's delay."  *Id.* at 776 (quoting *Somerset Consulting, LLC v. United Cap.*

*Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)).  Conversely, "if the

complaint and its supporting documents are unclear regarding the agreement to

arbitrate, or if the plaintiff has responded to a motion to compel arbitration with

additional facts sufficient to place the agreement to arbitrate in issue, then 'the

parties should be entitled to discovery on the question of arbitrability before a court

entertains further briefing on [the] question [under the Rule 56 standard].'"  *Id.*

(emphasis added) (first alteration in original).  Thereafter, if summary judgment is

not warranted, the court may proceed summarily to a trial.  *Id.* (quoting 9 U.S.C.

§ 4).

**DISCUSSION**

### A. The Court Will Adopt the Uncontested Portions of the Report and Recommendation.

The parties do not object to Judge Carlson's recommendation that Counts III

and V of the amended complaint for negligent retention and loss of consortium be

dismissed without prejudice.  (Doc. 54, pp. 3–4 n.1.)  Indeed, Plaintiffs conceded

that these claims should be dismissed based on Judge Carlson's report and

recommendation on Donatelli's motion to dismiss, and the court's adoption

thereof.  (*Id.* at 3.)

After giving "reasoned consideration" to the uncontested portions of the

report and recommendation, the court finds that Judge Carlson's analysis is well

reasoned and fully supported by the record and applicable law.  *See City of Long*

*Branch*, 866 F.3d at 99 (quoting *Henderson*, 812 F.2d at 878).  The court will

therefore adopt this portion of the report and recommendation in full.

### B. The Court Will Decline to Adopt the Recommendation Granting the Motion to Compel Arbitration.

Judge Carlson opines that an agreement to arbitrate exists, "embodied in the

written contract tendered by the defendants" which contains an integration clause.

(Doc. 54, p. 11 (citing Doc. 20-1).)  Judge Carlson viewed the integration clause as

significant, and ultimately conclusive in this case because it represented the

parties' intention to cement their prior negotiations, conversation, and agreements,

foreclosing Skalde's ability to argue that he had agreed to "some other, less

onerous set of promises or commitments." (*Id.* at 11–12.)  Moreover, Judge

Carlson noted that Skalde did not deny signing the agreement, and that any other

challenges to the agreement's validity were unavailing.  (*Id.* at 12–15.)  Having

concluded that a valid agreement to arbitrate existed, Judge Carlson also

determined that Skalde's Pennsylvania whistleblower statute claim was

encompassed by the arbitration agreement in light of its broad scope.  (*Id.* at 15.)

On these grounds, Judge Carlson recommends that the court grant the motion to

compel arbitration.  (*Id.* at 15–16.)

   Skalde raises five objections to the report and recommendation: first, that the

arbitration provision was presented to him in a contract unsigned by Defendants

after he had reached an oral agreement as to the terms of his employment, and six

weeks after he had already begun work; second, that the alleged agreement, if

found to be valid, was only between himself and the Pittsburgh Penguins, rather

than the Lemieux Group; third, that there was no consideration for the alleged

arbitration agreement; fourth, that once Skalde was terminated due to the public

health emergency presented by the COVID-19 pandemic, the arbitration term

ended with his employment contract generally; and fifth, that the alleged

arbitration clause does not cover Skalde's retaliation and/or whistleblower claims. (*See* Doc. 55.)

Defendants counter that: (1) Skalde admitted to signing the employment contract, which was an offer from them that was accepted when Skalde signed the agreement; (2) the Lemieux Group may enforce the employment agreement since, as implicitly admitted by Skalde based on his claims, there is a close and obvious nexus between the Defendants; (3) Skalde's argument that there was no consideration in support of the agreement was considered and rejected by Judge Carlson; (4) Defendants did not invoke paragraph 17 of the employment agreement providing for termination of the agreement due to emergency; rather, Skalde's contract had naturally expired and was not renewed; and (5) Skalde's whistleblower law claim falls within the scope of the broad arbitration clause in the employment agreement.  (*See* Doc. 56.)

The court notes that neither party directly addresses what the court perceives to be the procedural problem with Judge Carlson's report and recommendation. Specifically, while Judge Carlson sets forth the two-part analysis from *Guidotti* regarding the procedural standards to be applied, it is unclear to the court that he applied the appropriate standard for this case.  (*See* Doc. 54, pp. 7–10.)  *Guidotti* states that:

> when it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are

subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Somerset*, 832 F. Supp. 2d at 482.  But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.*

716 F.3d at 776.

In this case, the alleged arbitration agreement is neither referenced nor relied upon in the amended complaint.  (*See* Doc. 16.)  Moreover, Skalde has challenged the existence and validity of this agreement in response to Defendants' alternative motion to compel arbitration, stating that he was not provided with a copy of the arbitration agreement, which was an unanticipated and allegedly undisclosed part of his employment contract until six weeks after he had already begun working for Defendants.  Thus, the court finds that limited discovery is appropriate in this case in accordance with *Guidotti*.[2]

For the foregoing reasons, **IT IS ORDERED THAT:**

---

[2] Because the court concludes that the parties are entitled to discovery regarding the existence and validity of the arbitration agreement, the court reserves ruling on the question of whether Skalde's whistleblower claim falls within the scope of this alleged agreement.  The court will take up this questions after the parties have engaged in discovery and once the court has determined whether there is a valid agreement to arbitrate between the parties.

1. The court adopts the uncontested portions of Judge Carlson's recommendation that Plaintiffs' claims for negligent retention and loss of consortium be dismissed without prejudice.  (Doc. 54.)

2. Defendants' motion to dismiss, Doc. 19, is **GRANTED** with respect to Plaintiffs' claims for negligent retention and loss of consortium without prejudice to Plaintiffs bringing these claims in state court.

3. The court will decline to adopt Judge Carlson's recommendation to compel arbitration with respect to Plaintiff's whistleblower claim.

4. Defendants' alternative motion to compel arbitration, Doc. 19, is **DENIED** without prejudice.

5. Limited discovery shall proceed in accordance with *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 771−76 (3d Cir. 2013) limited to the issue of arbitrability of this case.  Specifically, discovery shall be focused on the enforceability of the arbitration agreement.

6. The parties shall have **90 days** to conduct this limited discovery, with this limited fact discovery ending on **December 29, 2021**.

7. Within **14 days** after the close of this limited fact discovery period, on or before **January 12, 2021**, Defendants may file a renewed motion to compel arbitration which the court will review under the Rule 56 standard as set forth in *Guidotti*, 716 F.3d at 774–76; Fed. R. Civ. P. 56.

In the event that Defendants do not wish to file a renewed motion, they

shall file a notice with the court indicating that they do not wish to renew

their motion and requesting a status conference on or before **January 12,**

**2021**.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 30, 2021

11